I respectfully dissent. The record in this case reveals 13 previous transactions between Hanners and Balfour and, with regard to each of those deliveries, payment was made anytime between 15 and 46 days after receipt of invoice. In those transactions, the average time elapsed between receipt of invoice and payment was approximately 30 days. The record also reveals that Balfour offered evidence tending to show that Hanners himself did not abide by the two-week time limit which he says he considers "reasonable" under the "net cash, receipt of invoice" terms of the contract. The affidavit of Moultrie Sessions, Jr., of Session's Company, Inc., indicates that Hanners delayed payment on peanuts he purchased from Sessions for 36 days. The same payment terms of "net cash, receipt of invoice" existed with regard to the agreement between Hanners and Sessions. It is clear to me that these things, when considered together, indicate that Hanners did not rely on the payment provisions when contracting with Balfour. Therefore, I dissent. *Page 416